NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRITORY OF AMERICAN SAMOA, | No.   17-17081 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-00095-LEK-KJM |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE; UNITED STATES DEPARTMENT OF COMMERCE; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; KITTY SIMONDS, Executive Director of Western Pacific Regional Fishery Management Council; MICHAEL D. TOSATTO, Regional Administrator for NOAA's National Marine Fisheries Service Pacific Islands Regional Office; WILBUR ROSS, Secretary of Commerce; CHRIS OLIVER**, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 5, 2020
Honolulu, Hawaii

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\*       Chris Oliver, Assistant Administrator for Fisheries, is substituted for Samuel D. Rauch III. *See* Fed. R. App. P. 43(c)(2).

Before:  McKEOWN, BADE, and HUNSAKER, *** Circuit Judges.

Appellants seek reversal of the district court's partial grant of summary judgment and vacatur of a final rule regarding large fishing vessels in the waters off the coast of American Samoa.  Because the parties are familiar with the administrative record and facts, we do not repeat them here.  We have jurisdiction under 28 U.S.C. § 1291 and reverse.

This appeal raises a question of whether the Government of American Samoa ("ASG")—representing an unorganized American territory—can sue federal agencies under the doctrine of parens patriae, on the basis of language of early twentieth-century cessions and the status of the waters at issue as high seas. Because parens patriae is a prudential doctrine and not a jurisdictional limitation, we need not reach this issue, and instead proceed to the merits.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–28 & n.4 (2014) (distinguishing between "prudential standing" and Article III jurisdictional limitations).

We review de novo the district court's grant of summary judgment.  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2019).  Our

---

*** This case was originally submitted to a panel that included Judge Jerome Farris. After Judge Farris's passing, Judge Hunsaker was drawn to replace him. *See* Ninth Circuit General Order 3.2.h. Judge Hunsaker has reviewed the briefs, record, and oral argument recording.

review of the National Marine Fisheries Service's ("NMFS") compliance with the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801–1891d, is dictated by the Administrative Procedure Act, and we will set aside the regulation if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Pac. Coast Fed'n of Fishermen's Ass'ns v. Blank*, 693 F.3d 1084, 1091 (9th Cir. 2012). "This standard of review is highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Id.* (quotation marks and citation omitted).

Here, NMFS considered the input offered by ASG regarding the rule's impact on fishing communities, the probable effects of increased large vessel longline fishing, and the availability of fish. It is of little import that NMFS did not specifically cite the cessions when detailing the "other applicable laws" it consulted, as NMFS considered the consequences of the rule on alia fishing boats, and rationally determined the effects were not significant. "[S]ince 2006, fewer than three alia have been operating on a regular basis; and of these, only one was active in 2013 and 2014." Pacific Island Pelagic Fisheries; Exemption for Large U.S. Longline Vessels, 81 Fed. Reg. 5,619-5,620 (Feb. 3, 2016). The Western Pacific Fishery Management Council and ASG are developing strategies to

develop and increase alia fishing, however, and NMFS will annually review the effects of the rule, providing ASG the opportunity for further input and challenge.

When, as here, the agency "has considered the relevant factors and articulated a rational connection between the facts found and the choice made, the decision is not arbitrary or capricious." *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1173 (9th Cir. 2016) (quotation marks and citations omitted).

**REVERSED.**